IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PUBLICATIONS INTERNATIONAL, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06 C 6148 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| HDA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Publications International, Ltd. ("PIL") has filed a complaint for breach of contract against defendant HDA, Inc. ("HDA"). Defendant has filed a motion to dismiss the complaint or to transfer venue to the U.S. District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1404 and 1406. For the reasons discussed below, defendant's motion is denied.

## FACTS

Plaintiff, an Illinois corporation with its principal place of business in Lincolnwood, Illinois, publishes books and periodicals. Defendant, a Missouri company with its principal place of business in St. Louis, Missouri, purchased publications from plaintiff to distribute to home improvement centers pursuant to a publisher agreement, a form contract prepared by defendant in St. Louis. Paula Nesbitt, plaintiff's Key Senior Account Manager, and Michael Kirchwehm, defendant's Vice President, negotiated the terms of the agreement by phone, fax and e-mail. During the negotiations, and when they executed the agreement on behalf of the parties, Mr. Kirchwehm was in St. Louis and Ms. Nesbitt was in Washington, D.C.

According to plaintiff, defendant purchased these publications at a standard price by issuing a purchase order identifying the quantity and price of materials it wished to buy. Employees of defendant would contact Ms. Nesbitt in Washington, D.C. or her assistant in Lincolnwood to request suggested retail prices. Defendant would then submit a purchase order to plaintiff's Lincolnwood office, at which point plaintiff would ship the requested materials from Wisconsin to defendant's warehouse in St. Louis. Defendant would then submit payment to plaintiff's lockbox in Lincolnwood.

On some occasions, defendant would submit a purchase order with an incorrect price. Plaintiff and defendant would then communicate via telephone and e-mail to correct the price. Plaintiff would then ship the purchased products and invoice defendant for the correct price.

In September 2004, plaintiff communicated to defendant the prices for its products. In October 2004, defendant sent a series of purchase orders with incorrect prices. The parties then communicated about the correct price, after which plaintiff filled the purchase orders and invoiced defendant. According to plaintiff, defendant has not paid plaintiff for the purchased products and currently owes $220,565.40, in addition to interest and other costs. Plaintiff also claims that defendant took improper price deductions for "co-op," or promotional, allowances. According to plaintiff, such deductions violated an agreement between the parties that specified that no co-op allowance would be made.

Additionally, the parties conducted business discussions at the Book Expo of America, which was held in Chicago in 2000, 2001, and 2004. Mr. Kirchwehm also visited plaintiff's Lincolnwood office to discuss the parties' relationship and business prospects in August 2003.

## DISCUSSION

Motion to Dismiss

Defendant asks the court to dismiss the case for lack of venue pursuant to 28 U.S.C. § 1406. Defendant's supporting memorandum of law, however, addresses only the motion to transfer, and defendant concedes that venue is proper in both the transferor and transferee courts. Because venue is proper in either forum under 28 U.S.C. § 1391(c), the court denies defendant's motion to dismiss.

Motion to Transfer

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Transfer is appropriate when the moving party demonstrates that: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Coffee v. Van Dorn Iron Works, 796 F.2d 217, 219 n.3 (7th Cir. 1986). As the moving party, defendant must show that the "transferee forum is clearly more convenient" than the transferor forum. Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989) (citing Coffee, 796 F.2d at 219-20). Defendant must also show that a transfer will promote the efficient administration of justice, rather than simply shift the inconvenience from one party to the other. See Black v. Mitsubishi Motors Credit of America, Inc., 1994 WL 424112, *1 (N.D. Ill. Aug. 10, 1994).

The parties do not dispute that venue is proper in both the Northern District of Illinois, the proposed transferor court, and the Eastern District of Missouri, the proposed transferee court. The court therefore has the power to transfer the case if doing so is in the interest of justice and for the convenience of the parties and witnesses. In evaluating the convenience and fairness of a transfer, the court must consider relevant private and public interests. The private interests include: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum. Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

## *Private Interests*

Plaintiff has chosen its home forum, the Northern District of Illinois. While a plaintiff's choice of forum is generally entitled to substantial weight, especially when it is its home forum, defendant argues that plaintiff's choice becomes less important because "the material events did not take place in the Northern District of Illinois." Defendant's assertion, however, is incorrect. Although the negotiation and execution of the publisher agreement did not take place in the Northern District of Illinois, other material events did, including: (1) the receipt and approval of each purchase order by plaintiff; (2) the sending of instructions by plaintiff to its warehouse to ship products to defendant; (3) numerous communications regarding pricing, via telephone, e-mail, and fax; (4) the receipt by plaintiff of payments made by defendant; (5) the visit to

4

plaintiff's Chicago office by a representative of defendant; and (6) the business discussions that took place at three separate Book Expos. Given that a substantial portion of the events giving rise to plaintiff's claim occurred in this district, the court concludes that plaintiff's choice of forum is entitled to substantial weight under the first two factors set out in Georgouses.

Defendant does not address the third factor, relative ease of access to sources of proof. As noted by plaintiff, however, with the advances of modern technology, the location of documents is not a significant issue. CoolSavings.com v. IQ.Commerce Corp., 53 F. Supp. 2d 1000, 1006 (N.D. Ill. 1999). Further, plaintiff's documents are in Illinois, and defendant's documents are in Missouri. For these reasons, the court considers this factor a wash.

The fourth and fifth factors are convenience of witnesses and convenience of the parties. Defendant concedes that the fourth factor is a wash. As for convenience of the parties, "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." In re Nat'l Presto Indus., Inc., 347 F.3d 662, 665 (7th Cir. 2003). Defendant does not argue that the Eastern District of Missouri is more convenient for the parties than the Northern District of Illinois. For that reason, the court finds that this factor weighs in favor of plaintiff.

*Public Interests*

In addition to the private interest factors, which weigh in favor of plaintiff, the court must also consider the public interest factors, which include: (a) the relation of the community to the

5

occurrence at issue in the litigation and the desirability of resolving the controversies in their locale; (b) the court's familiarity with the applicable law; and (c) the congestion of respective court dockets and the prospect for earlier trial. Georgoueses, 963 F. Supp. at 730.

The first factor weighs slightly in favor of plaintiff. The products at issue in the contract are distributed to national chains, giving both parties an interest in the litigation. However, as noted by plaintiff, "Illinois courts have a strong interest in hearing breach-of-contract cases involving Illinois residents," and the fact that Missouri has an interest in the matter "does not vitiate Illinois's interest." Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc., 42 F. Supp. 2d 821, 835 (N.D. Ill. 1999). Further, the majority of material events took place in Illinois. For that reason, the court finds that Illinois has the greater interest in the outcome of this dispute.

As to the second factor, defendant argues that transfer is warranted because this court will be obligated to apply Missouri law. Defendant is correct that in diversity actions, the court must "apply the law of the forum state, including its choice of law rules." Sanders v. Franklin, 25 F. Supp. 2d 855, 858 (N.D. Ill. 1998), quoting Klaxon Co. v. Stentor Elec., 313 U.S. 487 (1941). Illinois courts apply the "most significant contacts" test in deciding choice-of-law issues. Palmer v. Beverly Enterprises, 823 F.2d 1125, 1112 (7th Cir. 1987). For cases involving an alleged breach of contract, the court must consider the following factors: (1) the place of contracting; (2) the place of negotiations; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, place of incorporation, and place of business of both parties. Siegel ex rel. Latham v. J & H Marsh & McLennon, Inc., 159 F. Supp. 2d 1118, 1126 (N.D. Ill. 2001). Defendant claims that these factors weigh in favor of Missouri law. Although the court need not decide the issue at this time, it is not obvious from the facts of the case that the

6

court would apply Missouri rather than Illinois law. Regardless, the court is capable of applying Missouri law, as "[f]ederal courts are often called upon to decide substantive legal questions based on the laws of various states." Brandon, 42 F. Supp. 2d at 835. Because this court can apply the laws of either state, this factor does not weigh in favor of or against transfer of venue.

Finally, the court must consider the speed at which the trial will progress. "Of the numerous court management statistics, the two most relevant statistics to the court's current analysis are (1) the median months from filing to disposition and (2) the median months from filing to trial." Id. The median time from filing to disposition is 6.5 months for the Northern District of Illinois and 7.4 months for the Eastern District of Missouri, a negligible difference. The median time from filing to trial is 27.0 months in the Northern District of Illinois and 19.0 months in the Eastern District of Missouri. An eight-month difference certainly weighs in favor of the Eastern District of Missouri. However, this is the only factor that weighs in favor of transfer. All other factors are neutral or weigh in favor of plaintiff. For that reason, the court finds that the balance of factors weighs against transfer, and defendant's motion is therefore denied.

## CONCLUSION

For the reasons discussed above, defendant's motion is denied.

ENTER: April 18, 2007

Robert W. Gettleman
United States District Judge